# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| CARLA HOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 5:22-cv-00586-SGC |
| COMMISSIONER, SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION[1]

The plaintiff, Carla Hood, appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Hood timely pursued and exhausted her administrative remedies, and the Commissioner's decision is ripe for review pursuant to 42 U.S.C §§ 405(g) and 1383(c)(3). For the reasons discussed below, the Commissioner's decision is due to be reversed and remanded.

**I.    Procedural History**

Hood alleged in her applications for DIB and SSI that she became disabled on

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 13).

1

May 7, 2019. (Tr. at 20).[2] Her claims were denied at the agency level, initially and on reconsideration, and then by an Administrative Law Judge ("ALJ") following a hearing. (Id. at 20-28). The Appeals Council denied review of the ALJ's decision. (*Id.* at 1-3). The decision at that point became the final decision of the Commissioner. *See Fry v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Hood thereafter commenced this action. (Doc. 1).

## II.   Statutory and Regulatory Framework

To establish eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). An applicant for DIB must demonstrate disability between her alleged initial onset date and her date last insured. *Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 831 (11th Cir. 2011) (citing *Moore v. Barnhart*, 405 F.3d 1209, 1211 (11th Cir. 2005); *Demandre v. Califano*, 591 F.2d

---

[2] Citations to the administrative record refer to the page numbers assigned by the Commissioner and appear in the following format: (Tr. at __). Citations to the record in this case refer to the document and page numbers assigned by the court's CM/ECF document management system and appear in the following format: (Doc. __ at __).

1088, 1090 (5th Cir. 1979)).  An applicant for SSI must demonstrate disability between the date of her application for SSI and the date of the ALJ's decision. *Moore*, 405 F.3d at 1211.  The Social Security Administration ("SSA") employs a five-step sequential analysis to determine an individual's eligibility for disability benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity."  *Id.* at §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in substantial gainful activity, the Commissioner will find the claimant is not disabled.  *Id.* at §§ 404.1520(a)(4)(i) and (b), 416.920(a)(4)(i) and (b).  At the first step, the ALJ determined Hood would meet the SSA's insured status requirements through December 31, 2024, and had not engaged in substantial gainful activity since May 7, 2019, the alleged onset date of her disability.  (Tr. at 22).

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the Commissioner will find the claimant is not disabled.  *Id.* at §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c).  At the second step, the ALJ determined Hood has the following severe impairments:

degenerative disc disease of the spine, obesity, obstructive sleep apnea, post-surgical degenerative joint disease of the knee, post-surgical bilateral Achilles tendinitis, and bilateral plantar fasciitis. (Tr. at 22).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment or combination of impairments meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairment or combination of impairments meets or equals one of the Listings, the Commissioner will find the claimant is disabled. *Id.* at §§ 404.1520(a)(4)(iii) and (d), 416.920(a)(4)(iii) and (d). At the third step, the ALJ determined Hood does not have an impairment or combination of impairments that meets or medically equals the severity of one of the Listings. (Tr. at 23).

If the claimant's impairment or combination of impairments does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e). At the fourth step, the Commissioner will compare an assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* at §§ 404.1520(a)(4)(iv) and (e), 416.920(a)(4)(iv) and (e). If the claimant is capable of performing his past relevant work, the Commissioner will find the claimant is not disabled. *Id.* at §§ 404.1520(a)(4)(iv),

416.920(a)(4)(iv).

Before proceeding to the fourth step, the ALJ determined Hood has the RFC to perform sedentary work with postural, exertional, and environmental limitations, including that she can walk one hour and sit six hours during an eight-hour workday; frequently push, pull, and operate foot controls with her lower extremities; occasionally climb ramps and stairs; and occasionally stoop, kneel, and crouch. (Tr. at 24).[3]  At the fourth step, the ALJ determined Hood is able to perform her past relevant work as an account specialist. (*Id.* at 27).  The ALJ therefore determined Hood is not disabled before proceeding to the fifth step. (*Id.* at 27-28).[4]

## III.   Standard of Review

Review of the Commissioner's decision is limited to a determination of whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  A district court must review the

---

[3] Sedentary work involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. §§ 404.1567(a), 416.967(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.* at §§ 404.1567(a), 416.967(a).

[4] If a claimant is unable to perform her past relevant work, the Commissioner determines at the fifth step whether the claimant is capable of performing other work that exists in substantial numbers in the national economy in light of the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and (g)(1), 416.920(a)(4)(v) and (g)(1).

Commissioner's findings of fact with deference and may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Rather, a district court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

**IV.   Discussion**

Hood presents several arguments on appeal. (Doc. 16). One argument is that

the ALJ erred in his evaluation of medical opinions articulated by Helen Powell-Stoddart, M.D. (Doc. 16 at 9-13).[5] This argument requires remand, and the court will reserve judgment on Hood's remaining arguments.

For DIB and SSI applications filed on or after March 27, 2017, new regulations for evaluating medical evidence apply. Relevant here, the new regulations alter how the SSA evaluates medical opinions. The old regulatory regime implemented a hierarchy of medical opinions and instructed an ALJ to assign an evidentiary weight to each medical opinion contained in the record by considering a laundry list of factors. *See* 20 C.F.R. §§ 404.1527(c), 404.927(c). An ALJ was required to give the medical opinions of a claimant's treating physician " 'substantial or considerable weight'" absent the clear articulation of " 'good cause'" for discounting the opinions. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). "Good cause exist[ed] 'when the (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)).

---

[5] Hood's other leading arguments are that the ALJ erred by failing to identify her herniated lumbar disc and associated radiculopathy as a severe impairment or discuss the impairment at later steps of the sequential evaluation and erred by failing to address the limiting effects of her obesity in combination with her other impairments. (Doc. 16 at 3-9).

The new regulatory regime disposes of this hierarchy and instructs an ALJ to articulate the persuasiveness of a medical opinion or the source of multiple medical opinions by explaining (1) the extent to which the source offers support for the opinion(s) and (2) the consistency of the opinion(s) with the record. *See* 20 C.F.R. §§ 404.1520c(a), (b)(1) and (2), and (c)(1) and (2), 416.920c(a), (b)(1) and (2), and (c)(1) and (2); *see also Matos v. Comm'r of Soc. Sec.*, 2022 WL 97144, at *4 (11th Cir. 2022) (observing the new regulatory regime "no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion"). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinion(s) . . . will be." *See* 20 C.F.R. at §§ 404.1520c(c)(1), 426.920c(c)(1). "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *See id.* at §§ 404.1520c(c)(2). 416.920c(c)(2). The ALJ may, but is not required to, explain her consideration of other factors. *See id.* at §§ 404.1520c(b)(2), 416.920c(b)(2).

Dr. Powell-Stoddart began treating Hood for bilateral foot pain and low back pain in the fall of 2019. (Tr. at 406, 412-14, 426-60). She completed a "Physical Capacities Evaluation" form for Hood on October 14, 2020. (*Id.* at 657-58). The

8

form posed a series of questions regarding Hood's physical capacities and required Dr. Powell-Stoddart to answer by selecting from pre-printed responses. (*Id.* at 657-58). For ease of reference, the court will refer to the opinions as expressed in a "check box" format. Dr. Powell-Stoddart indicated in relevant part that during an eight-hour workday Hood could walk only one hour, stand only two hours, sit only two hours, never use her feet for repetitive movements, and never bend, squat, crawl, or climb. (*Id.* at 657). She answered in the affirmative when asked whether, based on her observation and treatment of Hood, she believed Hood would be distracted from her job tasks for at least one hour during an eight-hour workday and would miss more than 25-30 days of work each year. (*Id.* at 658).

The ALJ determined the opinions expressed by Dr. Powell-Stoddart in the Physical Capacities Evaluation form were not persuasive because they were not accompanied by an explanation or reference to clinical findings or narrative treatment notes that would support them. (*Id.* at 27). This explanation for discounting Dr. Powell-Stoddart's opinions falls short of what is required under the new regulatory regime for two reasons. First, the ALJ did not discuss the extent to which the opinions were consistent or inconsistent with other evidence.

Second, the fact that opinions are expressed in a "check box" format without accompanying explanation is not a sufficient reason for finding the opinions unsupported and, therefore, unpersuasive. The Eleventh Circuit in *Schink v. Comm'r*

*of Soc. Sec.* rejected as a basis for disregarding treating physicians' medical opinions as conclusory the fact that the opinions were expressed "in a 'check box' format with limited space for explanation." 935 F.3d 1245, 1262 (11th Cir. 2019). The court instructed that treating physicians' opinions " 'should not be considered in a vacuum, and instead, the doctors' earlier reports should be considered as the bases for their statements.'" *Id.* (quoting *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984)).[6] The ALJ here deemed Dr. Powell-Stoddart's medical opinions unpersuasive solely because they were presented without explanation on the "Physical Capacities Evaluation" form.[7] He did not consider whether the opinions were supported by Dr. Powell-Stoddart's treatment records. This was error.

The court emphasizes this memorandum opinion should not be interpreted to

---

[6] *Schink* was decided under the old regulatory regime that gave deference to a treating physician's medical opinions and required an ALJ to articulate good cause for discounting them. *See* 935 F.3d at 1259-60. As discussed, an ALJ need not defer to a treating physician's medical opinions under the new regulatory regime or articulate good cause for discounting them. However, an ALJ nonetheless *is* required under the new regulatory regime to make a determination regarding the persuasiveness of a treating physician's medical opinions and explain that determination by discussing, at least, the consistency and supportability of the opinions. *Schink's* discussion of what is not sufficient to discount a treating physician's opinions as conclusory under the old regulatory regime is relevant to what constitutes an adequate explanation of the supportability of a treating physician's medical opinions under the new regulatory regime.

[7] The Commissioner attempts to distinguish *Schink* from the case at hand. She characterizes the Eleventh Circuit as holding in *Schink* that an ALJ cannot discount medical opinions solely because they are expressed in a "check box" format and characterizes the ALJ's decision in this case as discounting medical opinions because the form on which they were presented lacked supporting explanations. (Doc. 17 at 20). This attempt at distinction is unpersuasive. The court in *Schink* held an ALJ cannot discount medical opinions solely because they are expressed "in a 'check box' format *with limited space for explanation*." 935 F.3d at 1262 (emphasis added). That is what the ALJ did here.

10

signal it believes Dr. Powell-Stoddart's opinions are persuasive or that Hood is entitled to benefits but, rather, should be read as speaking only to an ALJ's obligation to explain adequately a determination regarding the persuasiveness of medical opinions, as least with respect to the supportability and consistency factors. The court reserves judgment on the other arguments made by Hood because there is a possibility the persuasiveness of Dr. Powell-Stoddart's opinions, as determined on remand, may conclusively determine Hood is disabled or, at least, affect Hood's other claims of error.

## V.     Conclusion

Having reviewed the administrative record and considered all the arguments presented by the parties, the court finds the Commissioner's decision is not in accordance with applicable law or supported by substantial evidence. Therefore, the decision is due to be reversed and remanded for further consideration. A separate order will be entered.

**DONE** this 11th day of September, 2023.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE